UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES EARL WILSON,            )
                              )
         Plaintiff,           )
                              )
     v.                       )    No. 4:05-CV-1104-CEJ
                              )
WILLIAM J. RILEY, et al.,     )
                              )
         Defendants.          )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James Earl Wilson for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and supplement**

Plaintiff seeks monetary and injunctive relief in this action against three judges, to wit: William Jay Riley, Frank J. Magill, and Lavenski R. Smith. In the "statement of claim" of his original complaint, plaintiff alleges, "Do to evidentiary fact of color of law I am a black man, which by Michigan compiled law annotated 28.853. The T.B.S. is in violation by color of law do to decision handed down." In his supplement to the complaint [Doc. #5] plaintiff alleges that he was "tortured with sound due to the B.L.U.L. (Star Wars Defense Program)."

Although a pro se complaint is to be liberally construed, the complaint must still contain a short and plain summary of facts

sufficient to give fair notice of the claim asserted.  <u>Means v. Wilson</u>, 522 F.2d 833, 840 (8th Cir. 1975).  The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.  Having carefully reviewed the instant complaint and supplement, the Court concludes that plaintiff has failed to state sufficient facts to give fair notice of the claim asserted.  The allegations are not short and plain, and even affording the complaint a liberal construction, the Court is unable to ascertain the nature of plaintiff's claims.  As such, the complaint will be dismissed without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's miscellaneous motions [Doc. #6 and Doc. #7] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE